UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JOSEPH PATTERSON,                             :
                Petitioner,            :
                                                :    **ORDER ADOPTING REPORT**
v.                                            :    **AND RECOMMENDATION**
                                                :
LOUIS PINGOTTI,                               :    16 CV 4259 (VB)
                Respondent.            :
--------------------------------------------------------------x

Briccetti, J.:

      Before the Court is Magistrate Judge Paul E. Davison's Report and Recommendation ("R&R"), dated June 15, 2020 (Doc. #36), on Joseph Patterson's pro se amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After a jury trial in Dutchess County Court, petitioner was convicted of attempted murder in the first degree ("Count One"), attempted aggravated assault upon a police officer ("Count Two"), and criminal possession of a weapon in the second degree ("Count Three"). Petitioner was sentenced to concurrent terms of twenty-five years to life imprisonment on Count One, fifteen years' imprisonment with five years' post-release supervision on Count Two, and fifteen years' imprisonment with five years' post-release supervision on Count Three. The Appellate Division, Second Department, affirmed petitioner's conviction and sentence, and the Court of Appeals denied his application for leave to appeal. Thereafter, petitioner filed a motion to vacate judgment pursuant to N.Y. Crim. Proc. Law § 440.10, which was denied in its entirety, and the Appellate Division denied leave to appeal. Petitioner subsequently filed a petition for a writ of error coram nobis. The Appellate Division denied the petition, as well as a motion for reconsideration of that denial. The Court of Appeals denied petitioner's requests for leave to appeal. Following the Court of Appeals' ultimate denial of petitioner's writ of error coram nobis, petitioner filed his amended petition for a writ of habeas corpus.

1

The parties' familiarity with the factual and procedural background of this case is presumed.

The magistrate judge recommended that the petition be denied in its entirety. For the following reasons, the Court agrees with the magistrate judge. Accordingly, the R&R is adopted as the opinion of the Court and the petition is DENIED.

I.  Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition," Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail. See Fed R. Civ. P. 6(d).

When a party submits a timely objection to a report and recommendation, the district court reviews de novo those portions of the report and recommendation to which the party objected. 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). As petitioner is proceeding pro se, this Court "will 'read [his] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest.'" Id. (quoting Burgos v. Hopkins, 14 F.3d

2

787, 790 (2d Cir. 1994)).[1] "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner is entitled to habeas corpus relief only if he can show that, in adjudicating his claim on the merits, the state court either (i) unreasonably applied, or made a decision contrary to, clearly established federal law as determined by the Supreme Court, or (ii) unreasonably determined the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)–(2). The state court's determination of factual issues is presumptively correct, and petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Moreover, when a state court denies a federal claim on a procedural ground that is "firmly established and regularly followed" in that state, a federal court may not even review the claim unless the petitioner shows either cause and prejudice for the failure to comply with state procedural rules, or that he is actually innocent. Clark v. Perez, 510 F.3d 382, 391 (2d Cir. 2008). Finally, a petitioner's unexhausted claims can be denied on their merits under a de novo standard of review. 28 U.S.C. § 2254(b)(2); see Berghuis v. Thompkins, 560 U.S. 370, 390 (2010).

Petitioner filed timely objections to the R&R. (Doc. #43). For the most part, these objections merely reiterate petitioner's original arguments. Nevertheless, in consideration of petitioner's pro se status, the Court has carefully reviewed the R&R and the underlying record de

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

novo as to any specific objection petitioner has made. Upon de novo review, the Court finds petitioner's objections to be without merit.

II.     Petitioner's Objections

   A.     Ineffective Assistance of Appellate Counsel

In his objections, petitioner argues, as he did in his petition, that his appellate counsel omitted "significant and obvious issues while pursuing issues that were clearly and significantly weaker" in preparing petitioner's direct appeal. (Doc. #43 at ECF 3).[2] Specifically, petitioner reiterates his argument that his appellate counsel failed to raise various claims of ineffective assistance of trial counsel in his direct appeal.

The constitutional right to effective assistance of counsel extends to appellate counsel. Sellan v. Kuhlman, 261 F.3d 303, 315 (2d Cir. 2001). To succeed on a claim of ineffective assistance of appellate counsel, petitioner "must establish that (1) the attorney's representation fell below an objective standard of reasonableness; and (2) the deficient representation prejudiced the defense." Id. (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). Under the Strickland test, appellate counsel is not required to present every non-frivolous argument. Evitts v. Lucey, 469 U.S. 387, 394 (1985). Further, "[t]o establish prejudice in the appellate context, a petitioner must demonstrate that 'there was a "reasonable probability" that [his] claim would have been successful.'" Mayo v. Henderson, 13 F.3d 528, 534 (2d Cir. 1994) (quoting Claudio v. Scully, 982 F.2d 798, 803 (2d Cir. 1992)).

Because the Appellate Division already considered this argument, under AEDPA, petitioner can only succeed if he demonstrates the Appellate Division's ruling was "contrary to,

---

[2]     "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

or involved an unreasonable application of, clearly established Federal law" or was based on an "unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1)–(2).  In his objection, petitioner argues that the Appellate Division's ruling on this claim involved an unreasonable application of the Strickland standard because it did not articulate any reasons for denying the claim.  Because the Appellate Division did not explain why it was denying this claim beyond a brief statement that the argument was without merit, the Court turns directly to the facts of the case to determine whether Strickland was applied unreasonably.  Cox v. Donnelly, 387 F.3d 193, 197 (2d Cir. 2004).

       Petitioner's claim that his appellate counsel was ineffective for failing to raise various claims of ineffective assistance of trial counsel does not satisfy the Strickland test because it is not reasonably probable that the underlying meritless claims would have been successful.

       Petitioner argues his appellate counsel was ineffective for failing to raise claims of ineffective assistance of trial counsel, including:  (i) trial counsel's failure to investigate or hire a private investigator to determine whether it is possible to fire a semi-automatic weapon accidentally, whether there were electrical issues with the driver's side window of his car, and whether the windows in his car were tinted, (ii) trial counsel's failure to investigate or bring to the trial court's attention the negative history of the Beacon Police Department and an alleged threat Officer Martinez made to petitioner prior to the date of the crime, (iii) trial counsel's failure to request a change of venue based on the high-profile nature and publicity of the case, (iv) trial counsel's failure to adequately communicate with petitioner prior to trial, (v) trial counsel's failure to call witnesses, including Hasan Strange from whom petitioner bought his car, an unnamed mechanic who worked on petitioner's car prior to the date of the crime, and character witnesses to discuss petitioner's work and education history, (vi) trial counsel's failure

to object to the jury charge on police officer testimony, (vii) trial counsel's failure to effectively cross-examine the police officers, (viii) trial counsel's failure to challenge the jury's request to review certain evidence during deliberation, (ix) trial counsel's inability to provide meaningful representation based on his prior employment as a New York City police officer, a prosecutor in Bronx County, and an attorney for the New York City Police Department, (x) trial counsel's failure to challenge the expert's qualifications and testimony at his competency hearing, (xi) trial counsel's failure to argue the verdict was based on insufficient evidence, (xii) trial counsel's failure to raise claims of judicial or prosecutorial misconduct, and (xiii) the cumulative effect of trial counsel's errors.

Regarding petitioner's claims (i) through (xiii), the Court has reviewed the record de novo and has independently reached the same conclusions as Judge Davison, as set forth in Parts I.F and I.G.1 of the R&R. (R&R at 30-53). Petitioner's objections to these conclusions are without merit.

B.  Procedurally Defaulted Claims

Petitioner objects to the portion of the R&R in which Magistrate Judge Davison deemed certain claims procedurally barred for not being raised in petitioner's application for leave to appeal to the Court of Appeals. Specifically, petitioner claims that based on arguments he previously made, he has shown cause and prejudice sufficient to overcome the procedural bar. Petitioner argues he made such a showing for the following claims: (i) the jury charge on police officer testimony violated his federal constitutional rights, (ii) the instructions given to the grand jury were defective, (iii) it was illegal for the trial judge to suggest reducing the charge of

6

attempted murder in the first degree to the second degree as a remedy for the alleged defect in the grand jury charge, and (iv) the jury verdict was based on insufficient evidence.

Upon reviewing the underlying record and the R&R de novo, this Court independently concludes petitioner failed to make a showing of cause and prejudice to overcome the procedural bar for the same reasons articulated by Judge Davison in Parts I.A through I.D.1 of the R&R. (R&R at 20-26).

Petitioner asserts ineffective assistance of counsel as cause for his procedural default on these claims. "In order to overcome the procedural bar to federal habeas review, the petitioner must show both 'cause' for the procedural default and 'prejudice' resulting therefrom." Vega v. Superintendent, 2019 WL 3397406, at *9 (S.D.N.Y. June 12, 2019), report and recommendation adopted, 2019 WL 3388044 (S.D.N.Y. July 26, 2019).[3] A claim of ineffective assistance of counsel can in some circumstances constitute cause to excuse a procedural default. However, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." Murray v. Carrier, 477 U.S. 478, 486 (1986). "[T]he question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made. So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in [Strickland], we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default." Id. at 488. As discussed supra and for the reasons set forth in Part I.G of the R&R (R&R at 43-55), petitioner's claims of ineffective assistance of appellate counsel are meritless, and therefore cannot excuse the procedural default.

---

3       Because plaintiff is proceeding pro se, he will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

For the same reasons articulated by Judge Davison in Parts I.A through I.D.1 of the R&R (R&R at 20-26), petitioner has failed to demonstrate prejudice resulting from the default.

C.  Ineffective Assistance of Trial Counsel

In his objections to the R&R, petitioner states in a conclusory manner that for the reasons set forth in his petition, he has made a showing of ineffective assistance of trial counsel. Because petitioner fails to articulate any specific objection with respect to this claim, the clearly erroneous standard applies. The Court finds no error, clear or otherwise, with respect to this portion of the R&R.

Petitioner made no objection to the other portions of the R&R. Thus, the Court has reviewed those portions for clear error. Finding no error, clear or otherwise, the Court adopts those portions of the R&R.

## CONCLUSION

Having carefully reviewed the R&R and the underlying record, the Court finds no error, clear or otherwise. Accordingly, the Court adopts the R&R as the opinion of the Court, and the petition for a writ of habeas corpus is DENIED.

The Clerk is instructed to enter Judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this order to petitioner at the following address:

Joseph Patterson
08-A-5974
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589

Dated: April 5, 2021
      White Plains, NY

                                            SO ORDERED:

                                            Vincent L. Briccetti
                                            United States District Judge